**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SARAH C. MOZINGO; MARY S. MOZINGO,

     Plaintiffs-Appellants,

v.

TREND PERSONNEL SERVICES, DAN W. BOBST,

    Defendants-Appellees.

_____

HILDA L. SOLIS, Secretary of the United States Department of Labor,

    Amicus Curiae.

No. 11-3284

(D.C. No. 5:10-CV-04149-JTM-DJW)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK,** and **EBEL**, Circuit Judges.

---

Plaintiffs Sarah C. Mozingo and Mary S. Mozingo, beneficiaries of a life

insurance policy, filed this civil action alleging Defendants failed to pay benefits and

breached their fiduciary duty in violation of the Employee Retirement Income

Security Act (ERISA). Plaintiffs provided the district court with a bonus agreement,

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

which set forth the terms of the life insurance plan. Each party agreed the bonus agreement was not an ERISA plan document. Plaintiffs, however, asserted a formal ERISA plan may exist, but they would need discovery to find it. Consistent with the parties' position, the district court decided that the bonus agreement is not an ERISA plan document. Applying a forum selection clause contained in the bonus agreement, the district court dismissed the action for improper venue without allowing further discovery. Plaintiffs appealed pursuant to 28 U.S.C. § 1291. On appeal, Plaintiffs present two arguments for why the district court erred in concluding the bonus agreement is not governed by ERISA. First, Plaintiffs assert the bonus agreement itself *is* an ERISA plan document. Second, Plaintiffs contend the district court prematurely dismissed the action pursuant to the forum selection clause where a formal ERISA plan document *may* exist. We review the district court's decision de novo. For the reasons set forth below, we hold both their arguments are waived. Accordingly, we affirm.

I.

Defendant Trend Personnel Services (TPS) hired Samuel Mozingo as an account representative in 2000. In 2003, Plaintiffs allege TPS established a plan to provide life insurance policies to its employees, though no party has presented the court with a formal plan document. Mozingo obtained a policy in the amount of $250,000, designating Plaintiffs as beneficiaries. On May 8, 2003, Mozingo entered into a bonus agreement. The bonus agreement provided that TPS would pay the

2

premiums on the life insurance policy until Mozingo's termination. The bonus agreement also contained a forum selection clause stating that "Rockwall County, Texas is exclusively where venue will lie for any dispute relating to or arising out of this agreement." In 2005, Mozingo and TPS entered into an employment agreement which also contained a forum selection clause. Mozingo's employment with TPS ended on October 15, 2007. Mozingo moved to Kansas in 2008 and was soon after diagnosed with cancer. On May 8, 2009, Mozingo emailed Defendant Dan Bobst, president and CEO of TPS, requesting information about his life insurance policy. Although Bobst and Mozingo exchanged emails, Bobst never sent the requested information regarding the life insurance policy. On October 12, 2009, the life insurance company sent Mozingo a letter informing him the policy had lapsed.

After Mozingo's death, Plaintiffs filed this civil action in the District of Kansas, alleging violations of ERISA and various state law claims. Defendants filed a motion to dismiss for improper venue based on the forum selection clause contained in the 2005 employment agreement. The district court denied that motion to dismiss, concluding Plaintiffs' claims did not arise out of the 2005 agreement. Defendants then answered the complaint. Thereafter, the parties discovered the 2003 bonus agreement. As a result, Defendants filed a second motion to dismiss for improper venue. This time the district court granted the motion to dismiss based on five conclusions of law: (1) the bonus agreement is not an ERISA plan document, and therefore the question of whether the forum selection clause in the bonus

3

agreement can be invalidated under ERISA is irrelevant; (2) the bonus agreement and the later representations made by the parties will need to be interpreted in order to determine the nature of Plaintiffs' claims, and therefore Plaintiffs' suit arises out of the bonus agreement; (3) Plaintiffs are third-party beneficiaries of the life insurance policy provided by the bonus agreement, and therefore they are bound by the forum selection clause in the bonus agreement; (4) Bobst in his individual capacity is closely related to the dispute arising out of the bonus agreement, and therefore it was foreseeable that the forum selection clause would apply to him personally; and (5) the forum selection clause in the bonus agreement is enforceable and therefore Texas is the appropriate forum for this litigation. Importantly, Plaintiffs appeal only the first and fifth conclusions reached by the district court.

## II.

Plaintiffs argue the district court erred in enforcing the bonus agreement's forum selection clause for two reasons. Plaintiffs first contend the bonus agreement is governed by ERISA and Plaintiffs should have had the opportunity to establish that the Bonus Agreement itself constituted an employee welfare benefit plan governed by ERISA or to conduct discovery to establish the existence of a formal ERISA plan. Second, Plaintiffs assert the forum selection clause is unenforceable because ERISA preempts or supersedes it. Defendants, on the other hand, argue Plaintiffs present us with a new argument and contradict their arguments raised before the district court. Defendants believe Plaintiffs cannot challenge whether the

4

parties should have engaged in additional discovery to determine whether the bonus agreement is an ERISA plan document.[1]  We first address whether Plaintiffs have waived their argument that the bonus agreement is an ERISA plan document before turning to whether Plaintiff waived the right to challenge the district court's denial of additional discovery.

A.

Many years ago, the Supreme Court held "that a federal court does not consider an issue not passed upon below."  Singleton v. Wulff, 428 U.S. 106, 120 (1976).  Plaintiffs argue the issue of whether the bonus agreement is or could be an ERISA plan document was "passed upon below" because the district court specifically concluded the bonus agreement is not an ERISA plan document.  Accordingly, Plaintiffs posit we must review the issue of whether the bonus agreement is or could be an ERISA plan document, and upon review, must conclude that the bonus agreement meets all of the elements of an employee welfare benefit plan.

---

[1] Defendants misunderstand and conflate Plaintiffs' two arguments.  Plaintiffs do not seek additional discovery to determine whether the bonus agreement is itself an ERISA plan document.  Plaintiffs argue enough evidence exists already for us to make that conclusion.  Rather, Plaintiffs assert additional discovery is needed to find a formal ERISA plan governing life insurance for TPS employees.  As discussed below, Plaintiffs provide us only with a conclusory statement that the district court should have allowed them discovery to find a formal plan document.  As a result of the misunderstanding of Plaintiffs' arguments, Defendants do not address whether the district court erred in not allowing further discovery on whether a formal plan existed and Plaintiffs do not discuss the issue further in their reply brief.

To resolve this dispute, we must examine what transpired in the district court. In response to Defendants' second motion to dismiss, Plaintiffs stated their "first, and most important, reason" why Defendants' motion should be denied was "that the forum selection clause is not contained in an ERISA plan document." Plaintiffs argued the record contained no ERISA plan document, but a formal ERISA plan document may have existed. Plaintiffs asserted the forum selection clause in the bonus agreement, as a non-ERISA plan document, would be irrelevant if ERISA preempted their state law claims. Plaintiffs therefore contended the motion to dismiss should have been denied pending further discovery. The district court rejected Plaintiffs' request for more discovery. Instead, the district court concluded Plaintiffs' claims arose out of the bonus agreement and "because the Bonus Agreement is not an ERISA plan document, the question of whether the forum selection clause in it can be invalidated under ERISA is irrelevant."

Because the district court reached the conclusion Plaintiffs appeal, we must examine the specificity required to present an issue to the district court. As mentioned above, our starting principle is that we will not consider issues not passed upon below. The "overriding rationale" for this general rule results from our interest in providing the parties "the opportunity to offer all the evidence that they believe relevant to the issues" and our concern that litigants not be "surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence." United States v. Hardman, 297 F.3d 1116, 1123 (10th Cir. 2002) (en

6

banc) (quoting Singleton, 428 U.S. at 120). Moreover, we have noted that reviewing issues not raised below would require us to remand for additional evidentiary findings, would undermine the "need for finality in litigation and conservation of judicial resources," would "have this court hold everything accomplished below for naught," and would allow a party to raise new issues on appeal where that party invited the alleged error below. Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721 (10th Cir. 1993). For these reasons, "we have exercised our discretion to hear issues for the first time on appeal only in the most unusual circumstances." Id. Importantly, we have "repeatedly stated that a party may not lose in the district court on one theory of the case, and then prevail on appeal on a different theory." Id. And, more specifically, "[w]e have been particularly insistent on this rule in cases where the theory advanced on appeal was in direct contradiction to the theory pursued in the trial court." Id.

Having reviewed the relevant law, we now turn to whether Plaintiffs' theory on appeal is in direct contradiction to their theory pursued in the district court. Although Plaintiffs are correct that ERISA coverage may be triggered where no formal ERISA plan exists, Plaintiffs specifically argued to the district court that the bonus agreement is not an ERISA plan document. We note that arguing the bonus agreement *is not* an ERISA plan document to the district court is in direct contradiction to the theory that the bonus agreement *is* an ERISA plan document. Allowing Plaintiffs to pursue this contradictory argument would trigger every

7

concern mentioned above. Defendants did not have the opportunity to offer all the evidence relevant to the issue. If they had the opportunity, the Defendants presumably would have presented evidence to counter the claim the bonus agreement constituted an ERISA plan document. Additionally, we cannot make evidentiary findings on appeal. Rather, we would need to remand so that the parties could present evidence to the district court. If the district court erred, Plaintiffs surely invited the error. Accordingly, Plaintiffs waived the argument they could establish through discovery that the bonus agreement itself constitutes an employee welfare benefit plan governed by ERISA. Lyons, 994 F.2d at 721.

B.

Plaintiffs' further contend they should have been allowed to conduct discovery to establish the existence of a formal ERISA plan. At the time Defendants filed their second motion to dismiss, the parties had discovered no formal ERISA plan document governing the life insurance policy. The district court concluded the bonus agreement, a non-ERISA plan document, "broadly governed" the parties' relationship concerning the life insurance policy and that Plaintiffs' suit "arises out of" the bonus agreement. Curiously, however, the district court did not foreclose the possibility that a formal ERISA plan could *potentially* exist. The district court stated that even if an ERISA plan document exists and is later discovered, the Texas state courts have jurisdiction over the matter and can apply ERISA to Plaintiffs' claims.

Although Plaintiffs argued in their response to the motion to dismiss that

8

Defendants' motion should be denied pending further discovery, Plaintiffs failed to preserve the argument for appeal. Federal Rule of Appellate Procedure 28(a)(9)(A) requires Plaintiffs to state their "contentions and reasons for them, with citations to the authorities . . . ." "An issue or argument insufficiently raised in the opening brief is deemed waived." Becker v. Kroll, 494 F.3d 904, 913 n.6 (10th Cir. 2007). In their opening brief, Plaintiffs state:

> The district court erred . . . because the discovery stage of the lawsuit had just started. Accordingly, the plaintiffs should have been allowed to conduct discovery to establish the existence of a formal ERISA plan, by which Trend Personnel established a program or plan to provide life insurance to Mr. Mozingo and its other key employees.

Here, Plaintiffs' two sentence explanation fails to provide us with any authority to reverse the district court. Accordingly, we conclude Plaintiffs' insufficiently raised this argument. See Equal Emp't Opportunity Comm'n v. C.R. England, Inc., 644 F.3d 1028, 1051 n.18 (10th Cir. 2011) (refusing to consider an argument on appeal where the appellant "failed to present any argument or authority in support" of his position).

Alternatively, Plaintiffs' waived the argument by failing to appeal the district court's conclusions that the bonus agreement must be interpreted and Plaintiffs' claims arise out of the bonus agreement. As discussed above, Plaintiffs do not explain what impact the discovery of a formal ERISA plan would have on their case. Presumably, if a formal ERISA plan exists, that plan, not the bonus agreement would govern, and we would *not* interpret the bonus agreement. Even if a formal ERISA

9

plan exists, we may not review the district court's holdings that the bonus agreement must be interpreted and the claims arise out of the bonus agreement. Therefore, a remand in this case does not change the result that the district court must apply the forum selection clause in the bonus agreement. Perhaps the result would have been different had Plaintiffs appealed the conclusion their claims arose out of the bonus agreement, or provided us with *any* authority that the district court needed to order further discovery where it concluded Plaintiffs' claims arose from an existing document in the record. We therefore conclude Plaintiffs waived the argument the district court erred in granting the motion to dismiss without further discovery.[2]

---

[2] The Secretary of Labor filed an amicus curiae brief advocating no specific relief for either party. She argues forum selection clauses are incompatible with ERISA. Because the bonus agreement controls Plaintiffs' claims in this case, and because the bonus agreement is not an ERISA plan document, we do not reach this argument. Additionally, the Secretary believes the district court erred by not transferring the case. We disagree. The forum selection clause of the bonus agreement states that exclusive venue shall be in Rockwall County, Texas. "[A] party may bring a motion to transfer from the initial federal forum to another federal court based on a valid forum selection clause." Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 297 (10th Cir. 2001). However, "[f]or federal court purposes, venue is not stated in terms of 'counties.' Rather, it is stated in terms of 'judicial districts.'" Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 321 (10th Cir. 1997) (citing 28 U.S.C. § 1391). "Because the language of the clause refers only to a specific county and not to a specific judicial district . . . venue is intended to lie only in state district court." Id. "Transfer is not available . . . when a forum selection clause specifies a non-federal forum. In that case, it seems the district court would have no choice but to dismiss the action so it can be filed in the appropriate forum *so long as dismissal would be in the interests of justice*." Salovaara, 246 F.3d at 298 (emphasis added). Because the district court dismissed the case for improper venue, the dismissal is without prejudice, meaning Plaintiffs can refile in state court. And Plaintiffs' counsel indicated the statute of limitations

(continued...)

10

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

---

[2](...continued)
on Plaintiffs' claims has not yet run.  Accordingly, dismissal was in the interest of justice because Plaintiffs may refile their action in state court.